## Andon Rivera v. The State.

No. 9894.   Delivered February 24, 1926.

**Carrying a Pistol—Charge of Court—On Burden of Proof—Incorrect.**

Where, on a trial for carrying a pistol the court charged the jury in effect that if the state had proven him in possession of the pistol, the burden of proof then shifted to the defendant to justify or excuse his possession. Such is not the law.   The presumption of innocence is with the defendant, and the burden is upon the state to overcome the presumptilon of innocence by proof beyond a reasonable doubt, and the burden of proof does not shift to the defendant. See Art. 705 C. C. P. 1925. Following Phillips v. State, 26 Tex. Crim. App., 228 Vernon's Crim. Stats., Vol. 2, page 685, note 21.

Appeal from the County Court of Brooks County.   Tried below before the Hon. J. A. Brooks, Judge.

Appeal from a conviction of carrying a pistol, penalty a fine of $100.00.

The opinion states the case.

*Perkins & Floyd* of Alice, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—Unlawfully carrying a pistol is the offense, punishment fixed at a fine of $100.00.

According to the state's testimony, appellant was sitting in company with other parties near a public road.   There was a small calibre pistol in one of his pockets.   It was not loaded.

The witness Olivares testified that upon the day of the appellant's arrest and prior thereto, he had returned a pistol to the appellant which had been left with the witness for repair in August; that for certain reasons there was a delay in completing its repair.   By the appellant's own testimony and by several other witnesses, it was shown that the pistol in question had been left with a mechanic for repair.   On the day of his arrest, learning that the repairs had been completed, appellant got the pistol for the purpose of taking it to his home. He was in company with one Garza, who had an automobile and who desired to see a certain man on business.   While on this errand and waiting near a graveyard the arrest took place. At the time of the arrest the appellant and his companion were

near the automobile and near the public road on the errand mentioned.

The court submitted the case to the jury upon a written charge. The paragraph of the charge submitting the appellant's defensive theory is somewhat involved, and especially touching the application of reasonable doubt.

The fifth paragraph of the charge reads thus:

"In all criminal cases the burden of proof is on the state but when the state has proved facts which constitute an offense to your satisfaction beyond a reasonable doubt, and the defendant relies upon circumstances to excuse or justify the prohibited act, then the burden shifts upon the defendant to establish such facts or circumstances to justify such act."

A specific exception addressed to the paragraph quoted in a special charge which would have tended to clarify the matters of burden of proof and reasonable doubt was requested and refused. These are properly before this court for review. The fact that the appellant possessed a pistol and had it on his person was not in controversy. It was the justifying facts alone upon which the jury were, under the evidence, called upon to pass. The burden of establishing these facts was placed upon the appellant by the fifth paragraph of the charge and thereby the presumption of innocence and reasonable doubt were turned against him. Under the statute, both of these matters should have been charged in his favor. See Art. 705, C. C. P., 1925. Under these statutes, the burden is upon the state to overcome the presumption of innocence by proof beyond a reasonable doubt. See Phillips v. State, 26 Tex. Crim. App. 228; Vernon's Tex. Crim. Stat., Vol. 2, p. 685, note 21.

Because of the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*